UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)                             CIVIL ACTION NO.

VERSUS                                             22-430-JWD-EWD

LT GABRIEL HEBERT, ET AL.

### ORDER

Before the Court is an "Emergency Judicial Notice to U.S. District Court Judge John W. deGravelles Alterative Motion to Order U.S. Marshall [sic] Service" ("Motion for Service"), filed by John Poullard ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana ("LSP").[1]  Plaintiff has also filed other requests for an order of service.[2]  Plaintiff's request for service will be denied. Because this matter is subject to screening under 28 U.S.C. § 1915A, Plaintiff is not entitled to service at this time.  The Court will order service by the United States Marshals Service on any claims that survive the required screening process when that process is completed.

Plaintiff initiated this case by filing an "Emergency Judicial Notice to U.S. District Court Judges Brian A. Jackson, Shelly Dick Chief Judge, John W. deGravelles."[3] This document appears to complain about the administrative grievance procedure at LSP.[4]  The attached administrative grievance against Defendant Gabriel Hebert ("Hebert") complains of an incident that occurred on September 23, 2021 when another inmate, Mark Hall, threw urine mixed with chemical onto Plaintiff, which Plaintiff claims caused him to fall to floor and hit his chin, being knocked unconscious, and to lose sight in one eye. On October 31, 2022, Plaintiff filed a form civil rights

---

[1] R. Doc. 4.
[2] R. Docs. 5 & 6.
[3] R. Doc. 1.
[4] "I'm putting this court on notice because LSP Warden Timothy Hooper is intentionally destroying the process on the ARP system and refusing to have many other inmate ARP completely process [sic]." R. Doc. 1, p. 4.

Complaint naming as defendants Hebert, Howard Dixon ("Dixon") and Seth Smith ("Smith), again complaining of the September 23, 2021 incident with Inmate Hall.[5] All defendants are prison officials. Plaintiff claims Hebert and Dixon were aware that Inmate Hall and Plaintiff had a fight in the past but housed them on the same tier (or refused to move Plaintiff), which was deliberate indifference. Plaintiff claims Seth Smith is Chief of Operation [sic] who "has fabricated against LSP medical records" in answering Plaintiff's administrative grievance.[6] Plaintiff's "Supplemental to Original Statements of Claims, 42 U.S.C.A § 1983," filed on November 9, 2022, appears to add information that Sgt. Joseph Westbrook ("Westbrook") issued a disciplinary report to Inmate Hall for aggravated fighting because Westbrook witnessed Inmate Hall throw an unknown liquid substance on Plaintiff.[7]

On November 15, 2022, Plaintiff filed the Motion for Service.[8] Plaintiff seeks an order from the Court instructing the United States Marshal Service to serve the defendants. Plaintiff also filed a letter requesting service on or about November 30, 2022,[9] and another "Emergency Judicial Notice to United States District Court Judge John deGravelles," requesting an order of service on or about December 1, 2022.[10] Because Plaintiff is not yet entitled to service, his requests will be denied.

Plaintiff paid the filing fee in this case on approximately November 9, 2022. Although he is not proceeding *in forma pauperis*, because he is a prisoner seeking redress from officers or employees of a governmental entity (LSP), Plaintiff's Complaint must be reviewed by the Court under 28 U.S.C. § 1915A.[11] Any claims that are frivolous, malicious or fail to state a claim upon

---

[5] R. Doc. 2.
[6] R. Doc. 2, p. 13.
[7] R. Doc. 3.
[8] R. Doc. 4.
[9] R. Doc. 5.
[10] R. Doc. 6.
[11] 28 U.S.C. 1915A provides:
  (a) Screening.—

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, are subject to dismissal by the Court as part of the screening process under 28 U.S.C. § 1915A. The screening must be conducted before docketing or as soon as practicable after docketing, which indicates that the screening process should precede any order of service.

Accordingly,

**IT IS ORDERED** that the "Emergency Judicial Notice to U.S. District Court Judge John W. deGravelles Alterative Motion to Order U.S. Marshall [sic] Service,"[12] filed by Plaintiff John Poullard, which requests an order of service from this Court, is **DENIED**. The Court will order service by the United States Marshals Service on any of Plaintiff's claims that survive the screening process required for such claims under 28 U.S.C. § 1915A when screening is completed.

Signed in Baton Rouge, Louisiana, on December 14, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.
(c) Definition.—
As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.
[12] R. Doc. 4.