UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)　　　　　　　　　　CIVIL ACTION NO.

VERSUS

LT GABRIEL HEBERT, ET AL.　　　　　　　　22-430-JWD-EWD

**ORDER**

Before the Court is a "Motion to Recuse Magistrate Judge Erin Wilder-Doomes from this Case,"[1] filed by Plaintiff John Poullard ("Poullard"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana. The only basis for recusal provided is that Judge Wilder-Doomes is biased and, thus, wants "to destroy this lawsuit," allegedly in retaliation for Chief Judge Dick.[2] Poullard also provides additional facts in support of his Complaint and indicates that the recusal was sought, in part, due to the length of time it is taking to screen his case, as mandated by 28 U.S.C. § 1915A.[3]

A motion to recuse is committed to the broad discretion of the targeted judge[4] to determine whether disqualification is appropriate.[5] A judge is presumed to be qualified to preside over a case,[6] so a movant seeking disqualification bears the burden of proving that a judge is not qualified by clear and convincing evidence.[7]

---

[1] R. Doc. 13.
[2] R. Doc. 13, p. 1.
[3] R. Doc. 13, p. 4.
[4] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999).
[5] *See, e.g., United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996), citing *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir.1993).
[6] *In re Wilborn*, 401 B.R. 848, 860 (Bankr. S.D. Tex. 2009), citing *In re Betts*, 143 B.R. 1016, 1022 (Bankr. N.D.Ill.1992) (citing *Idaho v. Freeman*, 478 F.Supp. 33 (D. Idaho 1979)).
[7] *See Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir.1971), *superseded by statute*, 28 U.S.C. § 455 (1974), as stated in *Aronson v. Brown*, 14 F.3d 1578, 1582-83 (Fed. Cir. 1994) (noting that § 455 was amended in 1974 to, among other things, "omit[] the phrase 'in his opinion', in order to eliminate the subjective standard.").

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[8] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Some courts have held that a *pro se* litigant may not obtain disqualification of a judge under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith."[9] Even if Poullard, who is representing himself, could proceed under § 144, he has not met the procedural requirements of that provision as he has not submitted an affidavit stating the facts and reasons for the belief that bias or prejudice exists (nor is the Motion made under penalty of perjury).[10] Regardless, the allegations in his Motion are not sufficient to establish personal bias or prejudice, as more fully explained below in relation to § 455.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a

---

[8] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, Civ. Action No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).
[9] *See, e.g., Gibson v. Gusman,* No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014), citing *Robinson v. Gregory*, 929 F.Supp. 334, 337-38 (S.D. Ind. 1996).
[10] "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003), citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir.1990).

>personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is unwarranted in this matter.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. A party seeking recusal must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the judge's impartiality.[11] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[12] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[13]

Poullard has failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality or to demonstrate any personal bias. Poullard has not provided any basis for his allegation that the undersigned is biased or any reason why the undersigned would retaliate on behalf of Chief Judge Dick. These assertions are wholly conclusory. To the extent Poullard's Motion is based on the fact that screening of his § 1983 action has not been completed within the time frame he feels is appropriate, that is also not a basis for recusal. While Poullard is understandably anxious for his case to proceed, the fact that screening has not been accomplished yet is certainly not sufficient evidence of bias or impartiality. Screening of this action is mandated under 28 U.S.C. § 1915A. Poullard's case is in line to be screened in the order in which it became ripe for screening. The Court notes that though suit was filed in June

---

[11] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[12] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[13] *Spears*, 2012 WL 112985 at * 2.

2022, Poullard only submitted the required filing fee on November 9, 2022.[14] He then quickly began filing motions and notices seeking various forms of relief. In fact, in the last four months, Poullard has filed an amended complaint, a supplement to original statement of claims, three emergency judicial notices and an objection to a magistrate judge's ruling, as well as a motion for reconsideration and this Motion.[15] With this Order, all relief requested has been addressed except for Poullard's request for reconsideration. Reviewing each of these filings has taken the Court's time and attention away from screening his Complaint.

After carefully reviewing the matter, Poullard has failed to provide sufficient factual support for his allegation of any personal bias or prejudice on the part of the undersigned. Accordingly, **IT IS ORDERED** that the Motion to Recuse Magistrate Judge Erin Wilder-Doomes from This Case,[16] filed by Plaintiff John Poullard, is **DENIED**. The documentation submitted with the Motion in support of Poullard's claims in this case will be considered during the screening required under 28 U.S.C. § 1915A.

Signed in Baton Rouge, Louisiana, on February 23, 2023.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Cases are not screened until the filing fee is paid or the plaintiff is granted permission to proceed without prepaying the filing fee.
[15] R. Docs. 2, 3, 4, 5, 6, 8, 10, 12 & 13.
[16] R. Doc. 13.

4