## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN POULLARD (#98999)** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-430-JWD-EWD** |
| **LT. GABRIEL HEBERT, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (#98999)**  CIVIL ACTION NO.

**VERSUS**  22-430-JWD-EWD

**LT. GABRIEL HEBERT, ET AL.**

**MAGISTRATE JUGDE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint of John Poullard ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana. Pursuant to screening mandated by 28 U.S.C. § 1915A, it is recommended that Plaintiff's claims against Defendant Seth Smith regarding fabricated medical records be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted, that the Court decline supplemental jurisdiction over any potential state law claims, and that this matter be referred to the magistrate judge for further action on Plaintiff's remaining federal constitutional claims for monetary relief against Defendants Gabriel Hebert and Howard Dixon in their individual capacities for failure to protect in violation of the Eighth Amendment.[1]

**I.    BACKGROUND**

Plaintiff filed this civil rights suit under 42 U.S.C. § 1983 seeking monetary relief against defendants Gabriel Hebert ("Hebert"), Howard Dixon ("Dixon"), and Seth Smith ("Smith"), in their individual capacities, alleging that Hebert and Dixon failed to protect him from violence at the hands of another inmate in violation of the Eighth Amendment and that Smith fabricated records in relation to the incident in violation of the First Amendment.[2]

---

[1] As was previously indicated to Plaintiff, for any claims that survive the screening process, the Court will order service by the United States Marshals Service on the proper defendants. *See*, R. Docs. 7 & 9. Plaintiff will be required to pay the costs associated with service as he has not been granted pauper status in this case.

[2] R. Doc. 2. The first document filed in this action was not a Complaint but was titled "Emergency Judicial Notice to U.S. District Court Judges Brian A. Jackson, Shelly Dick Chief Judge, John W. deGravelles." This Emergency Notice advised the Court of the status of Plaintiff's administrative remedy process. The grievance attached to the Emergency Notice is related to the events that form the basis of Plaintiff's suit. R. Doc. 1.

## II.   LAW & ANALYSIS

### A. Standard of Review

This Court is required to screen complaints in a civil action by a prisoner against a governmental entity or an officer or employee of a governmental entity, and is authorized to dismiss a suit, or any claim, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[3] Only valid claims survive the screening process. Because Plaintiff, an inmate, has sued three individuals who are prison employees, his Complaint is subject to screening under § 1915A.

To determine whether a complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

### B. Plaintiff has Stated a Claim for Monetary Relief for Failure to Protect Against Hebert & Dixon in their Individual Capacities

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[8] Although prison officials generally "have a duty ... to protect prisoners from violence at

---

[3] 28 U.S.C. § 1915A.
[4] *Plascencia-Orozco v. Wilson*, 773 Fed.Appx. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[5] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

2

the hands of other inmates,"[9] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[10]

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. An official acts with deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[11] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[12] In other words, to be liable for deliberate indifference, the prison official must want to cause the plaintiff harm or at least show a conscious or callous disregard to the plaintiff's right to be protected from such harm.[13] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[14] Mere negligence or the "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[15] Deliberate indifference requires a level of awareness of a specific risk based upon specific information. General knowledge of general dangerousness or the like is also not enough to support a failure to protect claim.[16]

Plaintiff's allegations, taken as true, indicate that Hebert and Dixon were both personally aware that Plaintiff and another inmate, Mark Hall ("Hall"), were on each other's enemy lists and

---

[9] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[10] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[11] *Id.*
[12] *Id.*
[13] *Johnston*, 786 F.2d at 1259.
[14] *Farmer*, 511 U.S. at 837.
[15] *Id.* at 838. *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), citing *Farmer*, 511 U.S. at 838.
[16] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) (citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").

3

were aware that Hall posed a specific risk to Plaintiff, based upon their history.[17] Despite this knowledge, Hall was placed on Plaintiff's housing tier, while Plaintiff was in the hospital ward on quarantine due to COVID.[18] Hall requested that Hebert or Dixon move Hall off Plaintiff's tier before Plaintiff was released from the hospital due to the danger he and Plaintiff posed to each other.[19] These requests were ignored, and, when Plaintiff was released from the hospital ward, on September 23, 2021, he was returned to the tier with Hall.[20] The same day, when Plaintiff walked in front of Hall's cell, he alleges that Hall threw a mixture of urine and chemicals onto Plaintiff, causing him to lose sight in his right eye, slip, hit the concrete, and be knocked unconscious.[21] As Plaintiff states facts to establish that Hebert and Dixon had personal knowledge that Hall posed a specific, significant threat to Plaintiff, yet they placed Plaintiff and Hall on the same tier, and would not move Hall, despite Hall's request to do so because of the potential danger, Plaintiff has stated a federal claim for failure to protect in violation of the Eighth Amendment.[22]

---

[17] R. Doc. 2, pp. 5-7. Plaintiff alleges that, when Dixon brought Hall to the tier where Plaintiff was housed, Hall reminded Dixon that Hall and Plaintiff were enemies and that Dixon had previously observed a fight between Plaintiff and Hall. Plaintiff also alleges that Hall complained to Hebert that Hall and Plaintiff were enemies and asked to be moved off the tier. According to the Complaint, Hebert also looked at Hall's disciplinary records, which showed Hall's fight with Plaintiff and Hebert had also seen Plaintiff's enemy list and knew Hall was on it.
[18] R. Doc. 2, p. 5.
[19] R. Doc. 2, pp. 5-7.
[20] R. Doc. 2, pp. 7-8.
[21] R. Doc. 2, p. 8.
[22] *See Fields v. Coody*, No. 08-175, 2008 WL 4693359, at *2-3 (M.D. La. Oct. 23, 2008) (denying a motion to dismiss, in pertinent part, finding that the plaintiff had stated a claim for failure to protect against the defendants because he alleged the defendants knew plaintiff and his attacker were enemies and despite that knowledge, assigned them to the same housing unit). Plaintiff notes that Hebert and Dixon were deliberately indifferent, at least in part, because they held some type of grudge against him. R. Doc. 2, pp. 8-9. However, it appears these facts are provided to emphasize the subjective deliberate indifference of the officers, rather than to try to state a claim of retaliation. If Plaintiff intends to allege that he was assigned the same tier as the inmate whom he alleges attacked him due to a retaliatory motive by Hebert and Dixon, he should file an amended complaint clearly alleging the facts necessary for this claim. To do so, Plaintiff must produce direct evidence of retaliatory motive or, must provide facts to show "a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations omitted). Although Plaintiff claims that he was "set up by these defendants" (R. Doc. 2, p. 11), and says that he had a verbal confrontation with Hebert and filed a PREA (Prison Rape Elimination Act) complaint against Dixon, (R. Doc. 2, pp. 8-9), Plaintiff does not state when these events occurred in relation to the September 23, 2021 incident with Hall so it is not possible to determine whether he has alleged a chronology of events from which retaliation could be inferred.

4

### C. Plaintiff Cannot State a Claim for Violation of Prison Policies

Plaintiff alleges that Hebert and Dixon violated prison policies by placing him on the tier with Hall.[23] Prison rules and policies do not create federally protected rights, so a failure to follow those rules or policies does not establish a violation of a constitutional right. Accordingly, Plaintiff cannot state an independent federal claim against Hebert or Dixon for alleged violation of prison policies.[24]

### D. Plaintiff has Failed to State a Claim Against Smith

Plaintiff alleges that Smith fabricated medical records in response to the grievance filed by Plaintiff and purposefully omitted medical records from LSP.[25] Because the administrative remedy procedure does not itself establish any federal rights, the claim that Smith fabricated records in connection with the administrative remedy process does not rise to the level of a constitutional violation.[26] Accordingly, Plaintiff's federal claim against Smith is subject to dismissal.

### E. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially

---

[23] R. Doc. 2, p. 11.
[24] *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) ("The LaDPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal citations omitted)). *See also Humphrey v. Banks*, 777 Fed.Appx. 767, 768 (5th Cir. 2019) (the plaintiff "has not shown that the district court erred by dismissing for failure to state a claim his claim that prison officials violated an internal policy by assigning him to a unit that housed gang-affiliated inmates. Violations of prison rules or regulations, without more, do not give rise to a cause of action.").
[25] R. Doc. 1, p. 14.
[26] *Hamilton v. Oubre*, No. 11-108, 2011 WL 6294175, at *4 (M.D. La. Oct. 28, 2011) ("Plaintiff's allegation that the defendants provided fabricated reports in response to his administrative grievance also does not rise to the level of a constitutional violation. The Administrative Remedy Procedure does not itself establish any federal right."). *See also Timmons v. Wallace*, No. 18-432, 2021 WL 1035107, at *2 (W.D. La. Jan. 21, 2021) ("a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts.").

predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[27]  Considering that the sole remaining federal claim before the Court is a narrow one regarding an Eighth Amendment violation for alleged failure to protect, which applies a different legal standard, and requires an analysis that is distinct, from any state law claim Plaintiff may have, it is recommended that this Court decline the exercise of supplemental jurisdiction over potential state law claims.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over any potential state law claims, that all Plaintiff John Poullard's claims against Defendant Seth Smith, as well as his claims regarding violation of prison policies, be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915A, and that this matter be referred to the magistrate judge for further proceedings on the remaining claims: Plaintiff's federal claims for monetary relief against Gabriel Hebert and Howard Dixon, in their individual capacities, for failure to protect him from violence at the hands of another inmate in violation of the Eighth Amendment.

Signed in Baton Rouge, Louisiana, on February 27, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] 28 U.S.C. § 1367.