## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (#98999)**                     **CIVIL ACTION NO.**

**VERSUS**                                                                    **22-430-JWD-EWD**

**LT. GABRIEL HEBERT, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 6, 2023.

                                                          */s/ Erin Wilder-Doomes*
                                                          **ERIN WILDER-DOOMES**
                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)                CIVIL ACTION NO.

VERSUS                                 22-430-JWD-EWD

LT GABRIEL HEBERT, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are several motions, filed in the last couple of weeks by Plaintiff John Poullard ("Poullard").[1] At bottom, Poullard seeks entry of a default judgment against Defendants Gabriel Hebert and Howard Dixon ("Defendants") and sanctions against defense counsel for alleged misrepresentations in court filings. Alternatively, Poullard has offered to settle the default. Also pending is a Motion to Set Aside Default ("Motion to Set Aside"),[2] filed by Defendants. As default judgments are not favored and as it does not appear that Defendants acted willfully in failing to timely answer the suit, answered Poullard's Complaint the same day the clerk's entry of default was entered, and provided court-ordered discovery, it is recommended that Defendants' Motion to Set Aside Default be granted, that all relief sought by Poullard related to default be denied, and that this case proceed through resolution. It is further recommended that Poullard's several motions for sanctions against defense counsel be denied. Poullard's quibbling over language used by counsel in court filings is better resolved through the presentation of evidence at the appropriate time.

---

[1] R. Docs. 33 (Motion for Sanctions Against Attorney Matthew Roth for Violations of FRCP 11), 38 (Supplemental Motion for Sanctions Against Attorney Matthew Roth on False Answer Denial to Plaintiff Lawsuit Misrepresenting in Violation of FRCP 11), 39 (Motion Alternative Plaintiff Propose to Settle the Default of Total Two Million Dollars), 40 (Motion for Default Judgment), 41 (Motion for Sanctions Against Attorney Matthew Roth), and 45 (Motion for Writ of Mandamus to United States Magistrate Judge Erin Wilder-Doomes Against Michael L. McConnell Clerk of Court).
[2] R. Doc. 31.

I. **BACKGROUND**

Plaintiff filed this civil rights suit under 42 U.S.C. § 1983 seeking monetary relief against Defendants and Seth Smith ("Smith"), in their individual capacities, alleging that Defendants failed to protect him from violence at the hands of another inmate in violation of the Eighth Amendment and that Smith fabricated records in relation to the incident in violation of the First Amendment.[3]

The claims against Smith were dismissed by this Court on March 8, 2023 and Poullard's federal claims for monetary relief against Defendants in their individual capacities for failure to protect were referred to the undersigned for further proceedings.[4] That same date, the United States Marshals Service was ordered to serve Defendants wherever found.[5] Summonses were returned executed, indicating that Defendants were served on March 27, 2023.[6] Under the Federal Rules of Civil Procedure, Defendants were required to file responsive pleadings by April 18, 2023—twenty-one (21) days after they were served.[7] On April 17, 2023, Defendants timely filed a Motion for Extension of Time to File Responsive Pleadings, seeking an additional twenty-one (21) days to respond to Poullard's Complaint.[8] The Motion for Extension was granted the following day and Defendants were given until May 8, 2023 to file responsive pleadings.[9] Defendants did not file responsive pleadings by May 8, 2023. On May 12, 2023, Poullard filed a Motion for Default.[10] The Clerk of Court granted the Motion for Entry of Default the same day.[11] Also on May 12, 2023, Defendants filed their Answer with Affirmative Defenses and Jury

---

[3] R. Doc. 2.
[4] R. Doc. 17.
[5] R. Doc. 18.
[6] R. Doc. 22.
[7] Fed. R. Civ. Proc. 12(a)(1)(A)(i).
[8] R. Doc. 23.
[9] R. Doc. 26.
[10] R. Doc. 28.
[11] R. Doc. 29.

Demand,[12] and the Motion to Set Aside.[13] In the twenty-four (24) days that have followed, Poullard has filed a dozen additional documents into the record (some motions and some "Emergency Judicial Notices"), all related in some way or another to confirming a default judgment against Defendants and/or obtaining sanctions for what Poullard perceives to be abuses by defense counsel. The clerk's entry of default should be set aside and all relief sought by Poullard should be denied, as explained below.

## II.   LAW AND ANALYSIS

### A. The Clerk's Entry of Default Should be Set Aside and All Relief Sought By Poullard Related to Default Should be Denied[14]

#### 1. Standard of Review

Under Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for "good cause." The United States Court of Appeals for the Fifth Circuit has provided three factors to be considered in determining when to set aside a default under this rule: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.[15] Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default."[16] When determining whether to set aside an entry of default, "a finding of willful default is the end of the inquiry."[17] A "willfulness" inquiry hinges on whether the neglect is excusable.[18] "While it appears the Fifth Circuit has not provided clear guidance on what type of conduct rises to the level of a willful failure to respond, it has

---

[12] R. Doc. 30.
[13] R. Doc. 31.
[14] Section I(A) relates to the following pending motions: R. Docs. 31 (Defendants' Motion to Set Aside Clerk's Entry of Default), 40 (Poullard's Motion for Default Judgment), and 45 (Poullard's Motion for Writ of Mandamus to United States Magistrate Judge Erin Wilder-Doomes Against Michael L. McConnell Clerk of Court).
[15] *Greenleaf Compaction, Inc. v. Able Waste, LLC*, No. 10-568, 2011 WL 903776, at *1 (M.D. La. Mar. 15, 2011), citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008).
[16] *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).
[17] *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *see Dierschke*, 975 F.2d at 185 ("Willful failure alone may constitute sufficient cause for the court to deny [the defendant's] motion").
[18] *Effjohn Intern. Cruise Holdings, Inc., v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

provided guideposts for a court to make this determination."[19] "For example, it is clear that a litigant willfully defaults when it receives notice of a lawsuit but takes 'no further action to respond or stay abreast of the status of the litigation.'"[20]

Because Poullard also seeks entry of a default judgment against Defendants, it is important to note that "an entry of default against a defendant does not automatically entitle the plaintiff to a default judgment because the decision whether to grant a default judgment remains in the discretion of the district court."[21] There is a strong preference against default and a corresponding preference that cases be disposed of on the merits. Default judgment is not a matter of right even when a defendant is "technically in default," and the Fifth Circuit has held that "when the plaintiff has made no showing of prejudice stemming from the defendant's delay, a default judgment 'should not be granted on the claim, without more,'" than defendant's failure to meet a procedural time requirement.[22]

### 2. Defendants' Default Was Not Willful

Defendants argue that their failure to respond was not willful. Rather, Defendants say the failure to timely file responsive pleadings was "caused and exacerbated by confusion brought on by this action being one of several suits filed by Plaintiff against prison officials since the start of this year both in this Court and the state courts of Louisiana."[23] A review of the Court's records shows that Poullard has filed numerous suits in this Court since the early 1990s, although this is

---

[19] *Welch v. State Farm Mut. Auto. Ins. Co.*, No. 18-208, 2019 W 2016537, at *3 (N.D. Miss. May 7, 2019).
[20] *Id.*, quoting *UnitedHealthcare Ins. Co. v. Holley*, 724 Fed. Appx. 285, 288 (5th Cir. 2018).
[21] *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed.Appx. 741, 745 (5th Cir. 2013) (citing Fed. R. Civ. P. 55(b)(2)); *see also Jefferson v. La. Dept. of Pub. Safety & Corr.*, 401 Fed.Appx. 927, 929 (5th Cir. 2010) (per curiam) (unpublished) ("Entering a judgment based on the default is at the discretion of the court, which means [plaintiff] was not entitled to a default judgment simply because of the earlier entry of a default.")).
[22] *Waltner*, 551 Fed.Appx. at 745, citing *Mason & Hanger–Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL–CIO*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).
[23] R. Doc. 31, p. 2.

4

the only case, filed by Poullard in this Court, that has been pending in 2023. Defendants do not provide any additional information regarding cases pending in state court.

Regardless, the record before the Court suggests that Defendants did not engage in an intentional effort to ignore this suit. Defendants were aware of the suit, asked for, and received, an extension to respond. Of course, they then failed to do so timely. It appears that, once alerted to the mistake, Defendants immediately filed an Answer the same date as the clerk's entry of default, which further suggests no willful attempt to ignore the suit.[24] Finally, Defendants provided court-ordered discovery three (3) weeks after they answered the lawsuit,[25] which also suggests that the failure to timely file responsive pleadings was not willful.

### 3. Setting Aside the Default Will Not Prejudice Poullard

Requiring a plaintiff to prove his case does not amount to prejudice, and "delay alone does not constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[26] First, it is hard to imagine how a four-day delay in filing responsive pleadings would amount to prejudice. Poullard alleges that he will be prejudiced by the setting aside of the default because Defendants and their attorney suppressed evidence when they violated the mandatory discovery order and destroyed medical records related to the incident on which Poullard's claims in this suit are based.[27] As noted above, Defendants have filed a Notice of Compliance with this Court's Order to provide certain information to Poullard in discovery. The Order requires production of "all medical records, administrative remedy proceedings, unusual occurrence reports and all other

---

[24] Whether Defendants acted quickly to cure the default is a factor that may be considered by the Court. *Dierschke*, 975 F.2d at 184.
[25] R. Doc. 46.
[26] *Lacy v. Sitel Corp*, 227 F.3d 290, 293 (5th Cir. 2000), citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (internal quotation marks omitted).
[27] R. Doc. 32, pp. 1-2.

5

documents pertinent to the issues in this case."[28] According to the Notice of Compliance, these records are attached.[29] If Poullard believes there are additional records that should be provided, he can request those in discovery or point to specific information he believes is missing from the discovery materials which have now been provided by Defendants.[30]

### 4. Defendants Have Presented Meritorious Defenses

This factor is not measured by whether the defenses presented will ultimately succeed, but whether the evidence submitted, if proven at trial, would constitute a complete defense.[31] Defendants in this case have now presented possible meritorious defenses in their Answer. For example, Defendants allege that they are entitled to qualified immunity because their conduct did not violate a clearly established right of which a reasonable person would have known.[32] This is a common, often meritorious defense, for prison officials against claims arising from alleged civil rights violations.

All factors to be considered by the Court in determining whether to set aside the clerk's entry of default against Defendants weigh in favor of granting Defendants' Motion to Set Aside.[33]

---

[28] R. Doc. 18, p. 1.

[29] Poullard complains about destruction of medical records, but the medical records attached do reference a chemical injury to his eye on September 23, 2021. *See, e.g.*, R. Doc. 46-9, p. 7 ("History of chemical injury right eye 9/2021"). Also attached is a record of an "Ambulance Run Report," dated September 23, 2021. R. Doc. 46-11, p. 111; a "Request for Medical Treatment Institution" form, which says, in part, "Pt [patient] states 'somebody threw some kind of chemical in his ® [right] eye," and that "Pt. also states 'I fell on tier and landed on my chin.'"). R. Doc. 46-11, p. 110. Four "Unusual Occurrence Reports" ("UORs") related to this incident are also included in Defendants' production. R. Doc. 46-1, pp. 15-22

[30] Poullard also argues that he will be prejudiced because the delay will cause loss of Defendants' memory of events (R. Doc. 43), however, Poullard has not shown how a four-day delay (from the date Defendants' Answer was due until it was filed) will result in any greater loss of memory about the events at issue in this case.

[31] *Gilchrist*, 542 F.3d at 122.

[32] R. Doc. 30, p. 1. Qualified immunity shields government officials from liability when their actions do not violate a clearly established right. It is "intended to provide government officials with the ability 'reasonably [to] anticipate when their conduct may give rise to liability for damages.'" *Anderson v. Creighton*, 483 U.S. 635, 646 (1987), citing *Davis v. Scherer*, 468 U.S. 183, 195 (1984).

[33] R. Doc. 31.

Because setting aside the entry of default is recommended, it is also recommended that Poullard's requests for entry of a default judgment be denied.[34]

### B. Poullard's Motions for Sanctions Against Defense Counsel Should Be Denied

Poullard seeks sanctions against defense counsel in this case for alleged violations of Fed. R. Civ. Proc. 11.[35] Specifically, Poullard alleges that Defendants' Answer falsely denies information in the Complaint. Poullard points to evidence that he believes shows that the facts he claims are supported, such that any denial must be false. These allegations also appear to be tied to Poullard's belief that Defendants are intending to hide and/or destroy evidence relevant to his claims. As explained above, at this point, there is no indication that evidence has been destroyed. To the contrary, Defendants have submitted hundreds of pages of records in response to the Court's Order to provide information to Poullard relevant to his claims in this case.[36] Defendants' filing appears to contain at least some of the information Poullard alleges has been hidden and/or destroyed.[37] Again, if Poullard believes evidence is missing or has been destroyed, he must explain specifically what evidence and he must explain the basis for his belief, rather than make vague, overly generalized allegations that Defendants have hidden or destroyed information. Further, discovery in this case is not complete. Poullard and Defendants will have an opportunity to present evidence in the form of motions for summary judgment,[38] if they believe there are no disputed facts in this case such that it can be decided as a matter of law. If the case is not resolved through the motions for summary judgment, the case will be resolved via trial.

---

[34] R. Docs. 40 & 45. R. Doc. 39, which is Poullard's proposal to settle the default, should also be denied.
[35] R. Docs. 33, 38, & 41.
[36] Even if the production of these documents was not timely, as Poullard suggests, sanctions are not warranted at this time. Defendants are reminded that they must timely comply with Court orders or timely seek relief if they have good cause for the inability to do so.
[37] *See*, fn. 29, above.
[38] The Court gave the parties time to conduct discovery and to file cross-motions for summary judgment. R. Doc. 18, p. 3.

7

Additionally, a disagreement about the characterization of events does not warrant sanctions. For example, Poullard complains that defense counsel should be subject to sanctions because counsel represented that a substance was thrown "at" Poullard, rather than "on" him.[39] Poullard also complains that defense counsel's denials of certain facts for lack of information sufficient to justify a reasonable belief are sanctionable. In fact, such denials are permitted under the Federal Rules of Civil Procedure.[40] Determinations about the facts of this case will be made after the parties have an opportunity to participate in discovery and to present the evidence obtained, which has not been completed at this time.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Set Aside Default,[41] filed by Defendants, be **GRANTED**, as all factors to be considered weigh in favor of setting aside the May 12, 2023 Order granting the Motion for Entry of Default.[42]

**IT IS FURTHER RECOMMENDED** that the Motion for Sanctions Against Attorney Matthew Roth for Violations of FRCP 11,[43] Supplemental Motion for Sanctions Against Attorney Matthew Roth on False Answer Denial to Plaintiff Lawsuit Misrepresenting in Violation of FRCP 11,[44] Motion Alternative Plaintiff Propose to Settle the Default of Total Two Million Dollars,[45] Motion for Default Judgment,[46] Motion for Sanctions Against Attorney Matthew Roth,[47] and Motion for Writ of Mandamus to United States Magistrate Judge Erin Wilder-Doomes Against

---

[39] R. Doc. 30, p. 4 (admitting that Mark Hall threw liquid "at" Poullard on or about September 23, 2021). The Court notes that two of the UORs state that Hall threw liquid "at" Poullard. R. Doc. 46-1, pp. 20 & 22. One of the other UORs say the substance was thrown "onto" Poullard. *See*, R. Doc. 46-1, p. 18.
[40] Fed. R. Civ. Proc. 11(b)(4).
[41] R. Doc. 31.
[42] R. Doc. 29.
[43] R. Docs. 33
[44] R. Doc. 38.
[45] R. Doc. 39.
[46] R. Doc. 40.
[47] R. Doc. 41.

8

Michael L. McConnell Clerk of Court,[48] filed by Plaintiff John Poullard, be **DENIED**. The Motions related to default judgment are mooted by the recommendation to set aside the clerk's entry of default and Poullard has not shown a basis for sanctions against defense counsel at this time.

    Signed in Baton Rouge, Louisiana, on June 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] R. Doc. 45.